In the Matter of Disciplinary Proceedings against MARY V. SZYMBORSKI, Respondent, by NORMAN V. McINTYRE, as Director of Probation of Onondaga County, Petitioner.

Fourth Department, February 20, 1969.

*Eli Gingold, Onondaga County Attorney* (*Leonard Koldin* of counsel), for Director of Probation, petitioner.

*J. Richard Sardino* for respondent.

*Per Curiam.* On August 12, 1968 the Director of Probation of Onondaga County commenced this proceeding pursuant to rule 32 of article VII of the Rules of the Administrative Board of the Judicial Conference of the State of New York to establish charges of misconduct and insubordination against respondent Mary V. Szymborski, Assistant Director of Probation of Onondaga County. By order of this court the Honorable DON H. STACY was appointed deputy to conduct a hearing and make a record of the same for return to us with his recommendations. The deputy has filed the transcript of the hearing — which continued on four days, and involved 14 exhibits and testimony by 21 witnesses — together with his report setting forth his findings and recommendations. The proceeding, based upon two charges detailed in 18 specifications, is now before us for review and decision.

The first charge of misconduct alleges that respondent has frequently conducted herself " in such a manner as to bring discredit to the Department by showing disrespect to the Director of Probation and by constant harassment of probation staff ".

The second charge, of misconduct and insubordination, alleges that respondent has " frequently refused to accept the decision of the director as final ", has " on numerous occasions without authority conferred with and complained to public officials outside the Onondaga County Probation Department " and has " on numerous occasions sent copies of interoffice memorandums and letters and other office materials to persons outside the Onondaga County Probation Department without any authority whatsoever from the director ".

The deputy exonerated respondent on some of the specifications; however, he found that others had been established by credible proof and concluded that the charges of misconduct and insubordination had been sustained.

We are satisfied that the record sustains the findings that specifications Nos. 1, 2, 3 and 5 of the first charge were established. These specifications describe occasions on which respondent attacked the Director of Probation, three probation supervisors, a probation officer and a department clerical employee with profane language and in a loud, screaming voice, such as to disrupt work in the department. Upon the proof offered, we conclude that the first charge of misconduct was sustained.

Specification No. 7 of the second charge sets forth details of respondent's conduct in securing a " Parkcard " (allowing her to park without charge in a county parking area) contrary to an express directive by the Director of Probation that persons in her position were not to have such cards, and her retention of the card up to and including the date of the hearing in violation of the Director's instruction to return the card to the probation officer to whom it had been originally issued. This specification was established by respondent's own admissions, and together with proof of respondent's conduct in attempting to induce a clerical employee to deviate from instructions handed down to her by the Director's designated agent as to the manner of preparation of the department's annual report, sustains the allegation in Charge No. 2 that respondent frequently refused to accept the decision of the Director as final. Such conduct by respondent was " intentional, willful disobedience " amounting to insubordination (*Matter of Griffin* v. *Thompson,* 202 N. Y. 104, 113) and, with the acts set forth in Charge No. 1, constituted misconduct, for which demotion in grade and title from Assistant Director of Probation of Onondaga County Probation Department, Adult Division, to the grade and title of Probation Officer in said department is appropriate.

We have considered the arguments advanced by respondent's counsel in support of his motions to dismiss the charges at the time of the hearings and find them to be without merit.

Accordingly, respondent should be demoted to the grade and title of Probation Officer in the Onondaga County Probation Department.

GOLDMAN, P. J., DEL VECCHIO, MARSH, WITMER and BASTOW, JJ., concur.

Respondent demoted to the grade and title of Probation Officer in the Onondaga County Probation Department.